**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALICE ROBIN, | No. 11-55131 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06235-PJW |
| v. | |
| CITY OF MONROVIA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted March 4, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District Judge.[**]

Appellant Alice Robin is a former employee of the City of Monrovia. She

sued the City for allegedly retaliating against her, in violation of Title VII, the Age

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

1

Discrimination in Employment Act, and the California Fair Employment and Housing Act, after she filed complaints with the Equal Employment Opportunity Commission. At trial, the jury was instructed to consider whether four separate actions by the City—including the offer of a retirement package known as the "Golden Handshake"—were retaliatory acts. The jury returned a verdict in favor of the City and the court entered judgment accordingly. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Robin argues that the district court erred by denying her several motions for judgment as a matter of law. We find no error. First, a denial of a motion for summary judgment is not subject to appellate review after a trial on the merits. *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987). Second, the district court did not err in denying Robin's motion for a directed verdict, motion for judgment as a matter of law, and renewed motion for judgment as a matter of law. Such motions may only be granted when "the evidence permits only one reasonable conclusion." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 50. Here, the district court correctly concluded that the case turned on different inferences that a trier of fact could draw from evidence about what actions the parties took and why they took them.

2

**2.** Robin further argues that the district court erred by not giving a jury instruction that the settlement agreement offered to her as part of the "Golden Handshake" retirement program did not comply with the Older Workers Benefit Protection Act (OWBPA). We do not think the district court abused its discretion by failing to give this instruction in light of the court's concern about confusing the jury. We do, however, conclude that the district court erred by declining to give an instruction setting forth the OWBPA's requirements. A party is entitled to an instruction about her theory of the case if it is (1) supported by law, (2) has foundation in the evidence, and (3) was not covered by other instructions. *Dang v. Cross*, 422 F.3d 800, 804-05, 809 (9th Cir. 2005); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Here, one of Robin's theories of her case was that the City committed an adverse act when it offered her a settlement agreement that required her to waive her right to consult an attorney, did not give her the requisite number of days to consider the settlement, and did not inform her of other employees who were eligible or selected for the retirement incentive program, all in violation of the OWBPA. *See* 29 U.S.C. § 626(f)(1). Robin's theory was that the mere *offer* of such a settlement—despite the fact that she did not accept it—was a retaliatory act. Although the district court suggested that Robin argue to the jury that the settlement violated the OWBPA, without a legal instruction, there was little to

3

guide the jury's deliberations on the issue. Robin was therefore entitled to a jury instruction setting forth the OWBPA's requirements, and the district court erred in not giving such an instruction.

**3.** Although we find error, we conclude that it was harmless. An error in jury instructions in a civil case does not require reversal if it is "'more probable than not that the jury would have reached the same verdict' had it been properly instructed." *Galdamez v. Potter*, 415 F.3d 1015, 1025 (9th Cir. 2005) (quoting *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005)). Here, the jury was instructed to consider whether four separate acts were retaliatory, including the City's decision to reduce Robin's position to half-time and its ultimate decision to lay her off. In light of the evidence at trial, Robin's claim that these acts were retaliatory was stronger than her claim that the offer of the Golden Handshake was retaliatory. This is especially true because the evidence at trial showed that the City had a good-faith reason for asking Robin to sign the settlement agreement on an expedited schedule, that the City ultimately gave her extra time to consider the settlement agreement, and that she did consult with an attorney before rejecting the settlement offer. On this record, we conclude that a properly instructed jury probably would not have found that the offer of the Golden Handshake was retaliatory when it did not find that the City's reduction of Robin's position to half-

4

time and the decision to lay her off were retaliatory. We therefore conclude that it is more probable than not that the jury would have reached the same verdict had it been properly instructed, and the district court's failure to give the requested OWBPA jury instruction was harmless.

**4.** Finally, the district court did not abuse its discretion in denying Robin's motion for a new trial. "The district court's denial of a motion for a new trial is reversible 'only if the record contains no evidence in support of the verdict' or if the district court 'made a mistake of law.'" *Go Daddy Software*, 581 F.3d at 962 (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)). The record here supports the verdict, and the district court did not make any reversible errors of law.

AFFIRMED.